# EXHIBIT 1

FILED
THIRD DISTRICT COURT
AUG 15 2018
WEST JORDAN DEPT.

James J. Orland (16316)
**ORLAND LAW GROUP**
1334 Parkview Ave., Suite 100
Manhattan Beach, CA 90266
Telephone: (310) 546-8139
Facsimile: (310) 546-8193
jim@orlandlawgroup.com

*Attorneys for Plaintiff*

**THIRD JUDICIAL DISTRICT COURT**
**COUNTY OF SALT LAKE CITY,**
**STATE OF UTAH**

| | |
|---|---|
| AG-WIP 333 MAIN STREET OWNER, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MTI BATHS AND DOES 1 THROUGH 50;<br><br>Defendants. | **COMPLAINT**<br><br>**(TIER 3)**<br><br>Case No.: 180905879<br><br>Judge: McKelvie<br><br>**(JURY DEMANDED)** |

Plaintiff AG-WIP 333 MAIN STREET OWNER, LLC ("OWNER") complains against Defendants MTI BATHS ("MTI") and DOES 1 through 50 (collectively "Defendants") as follows:

### PARTIES

1. Plaintiff OWNER is a Utah limited liability corporation with its principal place of business in Midvale, Utah.

2. Defendant MTI is, upon information and belief, a corporation with its principal place of business in Salt Lake City, Utah.

1

will amend this complaint to add their true names and capacities when they become known. Upon information and belief, each of the Defendants is the agent and principal of all of the other defendants and was acting in the course and scope of their authority.

## JURISDICTION, VENUE AND DISCOVERY TIER

4. The Court has subject matter jurisdiction to hear this matter pursuant to UTAH CODE § 78A-5-102.

5. Venue is proper in this Court pursuant to UTAH CODE §§ 78B-3-304, 307.

6. Because of the amount in controversy, as well as the relief sought, this case qualifies for a Tier 3 discovery track.

## FACTUAL BACKGROUND

7. OWNER is a Utah-based company that owns the subject building located at 333, 337 and 355 Main Street in Park City, Utah ("the Property").

8. The owners of the residential units of the Property are members of the Parkite Residential Condominium Owners Association ("HOA").

9. OWNER renovated the Property into a complex with 15 condominiums, 25,000 square feet of retail space and 2 single family residences.

10. MTI is the manufacturer and supplier of the bathtubs installed in the residential units of the Property as part of the renovation.

11. During construction of this project, two bath tubs cracked during water testing, which led to MTI replacing 11 tubs during the renovation.

12. Thereafter and prior to any occupancy, several areas within the Property suffered water damage due to a crack in a bathtub located in the top floor penthouse (unit 40)("water damage incident").

13. In addition to the damage to Unit 40, two other unoccupied units and the retail space suffered damage, the cost to repair of which is estimated to exceed $166,000. Additionally, the water damage incident

delayed sales of the residential units and leasing of the commercial units. The cost of these delays is currently unknown but is believed to exceed jurisdictional limits.

## FIRST CAUSE OF ACTION
### Strict Products Liability
### (As Against All Defendants and Each of Them)

14. OWNER hereby incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

15. OWNER is informed and believes, and thereon alleges, that MTI manufactured, designed, assembled, distributed, marketed, advertised, supplied, sold, and/or otherwise provided the bathtubs and their component parts within the stream of commerce for use at the Subject Property.

16. The subject bathtubs and/or their component parts contained manufacturing and/or design defects at the time they left MTI's control and at the time of the Subject Incident, rendering the bathtubs defective.

17. As a direct and proximate result of the defective condition of the bathtubs, the February 26, 2016 incident occurred resulting in damages in excess of the jurisdictional requirements of this Court.

## SECOND CAUSE OF ACTION
### Negligence
### (As Against All Defendants and Each of Them)

18. OWNER hereby incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

19. That at all times relevant herein, defendants, and each of them, owed a duty of due care to properly, carefully and safely design, plan, develop, manufacture, assemble, fabricate, inspect, test, warn, instruct, install, market, distribute, maintain, repair and supply, the bathtubs at the Property.

20. That at all times relevant herein, the defendants, and each of them, tortiously, carelessly, wrongfully and negligently failed to exercise reasonable care in their designing, planning, developing, manufacturing, assembling, fabricating, inspecting, testing, warning, instructing, installing, marketing, distributing, maintaining, repairing and supplying the bathtubs so as to be in an unsafe condition for its intended purpose and foreseeable use at the time of the water damage incident.

21. That as a direct, legal and proximate result of the negligence, wrongful conduct, carelessness and tortuousness, as aforesaid, OWNER has suffered injury and sustained damages as hereinabove alleged.

22. That at the time of the design and/or manufacture of the bathtubs, defendants, and each of them, knew that due to the design and manufacture of the bathtubs, the bathtubs could not be properly installed at the Property.

23. That having such knowledge, and the capacity to either provide another bathtub or inform OWNER and/or OWNER's agent(s) of construction altercations necessary for the safe installation and use of the bathtubs, the defendants, and each of them, consciously and with a reckless disregard of the foreseeable dangers attendant with the uses of the bathtubs, and the persons using same, nevertheless refused and failed to so inform OWNER and/or OWNER's agents.

24. Such conduct was malicious, oppressive and despicable because of the intentional disregard for the probable dangerous consequences to the OWNER, the OWNER's tenants and buyers of the residences.

25. That as a direct, proximate and legal cause of the knowing disregard for the safety of the OWNER, the OWNER's tenants and future residents of the PROPERTY, and the maliciousness of the conduct of defendants, and each of them, the assessing of punitive

damages is justified to make an example of the defendants, and each of them, and to punish them for such despicable conduct.

### THIRD CAUSE OF ACTION
### Breach of Implied/Express Warranties
### (As Against All Defendants, And Each of Them)

26. OWNER hereby incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

27. At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, planning, developing, manufacturing, assembling, warning, instructing, fabricating, inspecting, testing, installing, marketing, distributing, supplying, selling, maintaining and repairing bathtubs, and appurtenant parts therewith, for use by members of the public, commonly situated in the position of OWNER at the time of the water damage accident. That at the time the bathtubs were placed in the stream of commerce, it was foreseeable that persons, such as OWNER, would be involved in the renovation of property that included the use and installation of bathtubs.

28. That at all times herein mentioned, defendants, and each of them, impliedly warranted that the subject product and its appurtenant parts were merchantable and fit for the purposes for which they were intended.

29. That in addition to implied warranties of merchantability and fitness as a matter of law, defendants, and each of them, further breached expressed warranties that the bathtubs and their appurtenant parts would be reasonably safe when used in a reasonable manner as OWNER used the said product at the Property.

30. That at all times herein relevant, OWNER relied and depended on such express and implied warranties and thereby felt that the bathtubs were safe for all intended purposes.

31.     That as a direct, legal and proximate cause of said breach of warranties, the plaintiff suffered injury and damage as hereinbefore alleged.

WHEREFORE, OWNER respectfully prays for judgment against Defendants as follows:

A.      On its First Cause of Action, damages in an amount to be proven at trial, plus attorneys' fees.

B.      On its Second Cause of Action, damages in an amount to be proven at trial, plus attorneys' fees.

C.      On its Second Cause of Action, damages in an amount to be proven at trial, plus attorneys' fees.

D.      Punitive damages.

E.      Plaintiff hereby demands a trial by trial and tenders herewith the appropriate fee; and

F.      Such further relief as the Court shall deem just and proper.

Dated: August 13, 2018                              ORLAND LAW GROUP

                                                    JAMES J. ORLAND
                                                    Attorneys for Plaintiff